Filed 7/1/14  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE,<br><br>            Plaintiff and Respondent,<br><br>      v.<br><br>SAMSON JAMES SMITH,<br><br>            Defendant and Appellant. | C074762<br><br>(Super. Ct. No. F13000105) |

Defendant Samson James Smith pled no contest to continuous sexual abuse of a child under age 14.  An allegation of substantial sexual conduct was dismissed.  Defendant was sentenced to prison for 12 years and was ordered to pay a $280 restitution fine, a $280 restitution fine suspended unless parole is revoked, a $40 court operations fee, a $30 court facilities assessment, a $50 AIDS education fee, a $35 installment account/administration fee, and a $735 fine including penalty assessments and surcharges.

1

Defendant contends, and the People concede, the trial court erroneously imposed the $735 fine and penalty assessment and the $50 AIDS education fee. Defendant further contends the $280 restitution fines must be reduced to $200 and the $35 installment account fee must be stricken or reduced to $30. We modify the judgment.

## FACTS

Between December 22, 2001, and November 21, 2005, defendant engaged in three or more acts of lewd and lascivious conduct upon a child under the age of 14 years.

The offenses came to light several years later. The felony complaint was filed in March 2013. Defendant entered his plea in June 2013 and was sentenced in August 2013.

## DISCUSSION

### I

### *Penal Code Section 672 Fine And Penalty Assessments*

Defendant contends, and the People concede, the trial court erred when it imposed a $735 fine, including penalty assessments, pursuant to Penal Code[1] section 672. We accept the People's concession.

As the parties recognize, section 672 "was meant to provide a fine for offenses for which another statute did not impose a fine." (*People v. Breazell* (2002) 104 Cal.App.4th 298, 304.) Defendant's offense is not within this provision because section 290.3, subdivision (a) prescribes a fine for any offense specified in section 290, subdivision (c), including defendant's violation of section 288.5. Thus, the $735 fine and penalty assessments are unauthorized and must be stricken. (E.g., *People v. Andrade* (2002) 100 Cal.App.4th 351, 354.) The trial court's finding that defendant had no ability to pay a section 290.3 fine does not alter our conclusion.

---

[1] Undesignated statutory references are to the Penal Code.

## II

### *DNA Penalty Assessment*

Defendant contends in the alternative that, if the section 672 fine is not invalid in its entirety, the $80 DNA penalty assessment upon that fine must be stricken because the authorizing statute was enacted in 2006 following his commission of the offense between December 2001, and November 2005. The People's concession regarding the previous argument renders the present contention moot.

## III

### *AIDS Education Fee*

Defendant contends, and the People concede, the $50 AIDS education fee was unauthorized and must be stricken. "Section 288.5 is not among the enumerated offenses to which the AIDS education fee applies. [Citation.]" (*People v. Ogg* (2013) 219 Cal.App.4th 173, 186.) We accept the People's concession and shall strike the unauthorized fee. (*People v. Andrade, supra,* 100 Cal.App.4th at p. 354.)

## IV

### *Restitution Fines*

Defendant contends the $280 restitution fine and $280 parole revocation restitution fine must be modified to $200, which was the statutory minimum at the time defendant committed his offenses. (See Stats. 2011, ch. 358, § 1 [increasing the minimum fine over a period of years].) Defendant reasons that the fines are "punishment" for purposes of the ex post facto clauses (e.g., *People v. Hanson* (2000) 23 Cal.4th 355, 360-361) and that the court, having elected in its discretion to impose "minimum" restitution fines, could not impose $280 fines for an offense occurring between 2001 and 2005 without violating ex post facto principles. The record does not support defendant's claim.

Prior to 2011, former section 1202.4 mandated imposition of a restitution fine of no less than $200 and no more than $10,000 on every person convicted of a felony unless

the trial court found compelling and extraordinary reasons for not doing so. A fine in any amount greater than the statutory minimum and up to the statutory maximum was within the trial court's discretion. (*People v. Avila* (2009) 46 Cal.4th 680, 729.)

Thus, the trial court *could have* lawfully imposed $280 fines simply by exercising its discretion in favor of fines that exceeded the statutory minimum. Express findings by the court as to the factors bearing on the amount of the fine were not required. (*People v. Avila, supra*, 46 Cal.4th at p. 729.) Because the $280 fines were authorized by statute, defendant's failure to object that the trial court misperceived the applicable statutory minimum forfeits his claim on appeal. (*Ibid*; *People v. Scott* (1994) 9 Cal.4th 331, 354.)

V

*Installment Account Fee*

Defendant contends the $35 installment account fee was unauthorized and must be stricken or alternatively reduced to the statutory maximum of $30. We disagree.

The probation report recommended a "$35 Installment account fee." At sentencing, the trial court orally imposed an "installment account fee" of $35. The $35 fee is referred to as an "administration fee" in the clerk's minutes and on the abstract of judgment.

Section 1205, subdivision (e), provides in relevant part that "[t]he defendant shall pay to the clerk of the court or the collecting agency a fee for the processing of installment accounts. This fee shall equal the administrative and clerical costs, as determined by the board of supervisors, or by the court, depending on which entity administers the account."

Defendant claims section 1205, subdivision (e) "is inapplicable because there is no indication that an installment plan was established." But there is no indication that defendant intended to, or had the ability to, pay all of his fines, fees and penalty assessments immediately rather than over a period of time. Rather, as we have noted, defendant's counsel argued that he had no ability to pay a sex crime fine or a fee for the

4

presentence probation report.  Moreover, defendant filed a "Statement of Assets" form indicating he had no employment, no income, no cash, no savings, and no assets other than a boat he believes is in another person's name.  The trial court could infer from defendant's lack of current resources that he would be unable to meet his financial obligations without an installment plan.

Because the $35 fee is properly treated as an installment account fee, it is not subject to section 1205, subdivision (e)'s limitation on fees for accounts that are *not* to be paid in installments.  The subdivision provides:  "The defendant shall pay to the clerk of the court or the collecting agency the fee established for the processing of the accounts receivable *that are not to be paid in installments*.  The fee shall equal the administrative and clerical costs, as determined by the board of supervisors, or by the court, depending on which entity administers the account, *except that the fee shall not exceed thirty dollars* ($30)."  (Italics added.)  Because defendant is properly subject to an installment account fee, his contention that the $35 fee must be reduced to $30 has no merit.

## DISPOSITION

The judgment is modified by striking the $735 fine and penalty assessments and by striking the $50 AIDS education fee.  As so modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


                                                    ROBIE            , J.
We concur:


      BLEASE           , Acting P. J.



      DUARTE          , J.


5